# Neuweiler *v.* Biever, Appellant.

*Mortgages—Payments of interest—Binding instructions.*

On a sci. fa. on a mortgage to which the only defense is that a former terre-tenant made payments of the interest to the holder which were not properly credited, binding instructions for the plaintiff are correct, where from an examination of the testimony it is doubtful

if any such payments were made, and it is certain that, if made, there was nothing to show when or what they amounted to.

Argued Jan. 31, 1910. Appeal, No. 351, Jan. T., 1909, by defendants, from judgment of C. P. Lehigh Co., Sept. T., 1908, No. 42, on verdict for plaintiff by direction of the court in the case of Louis F. Neuweiler, assignee of Frank P. Lauer, v. William J. Biever, mortgagor, and Frank P. Lauer, terre-tenant. Before BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Scire facias sur mortgage. Before TREXLER, P. J.

The plaintiff claimed to be due the principal of the mortgage and interest from January 3, 1906. Defendant admitted the principal but averred that the interest had been paid up to January 1, 1908. Other facts appear by the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $6,627.50. Defendant appealed.

*Error assigned* was in giving binding instructions for the plaintiff.

*Frank Jacobs*, for appellant.

*Thomas F. Diefenderfer*, for appellee.

PER CURIAM, March 28, 1910:

The only defense which the appellant, terre-tenant of the mortgaged premises, attempted to set up was that a former terre-tenant had made payments to the holder of the mortgage on account of interest for which proper credits were not given. From an examination of the brief testimony it is doubtful if any such payments were made, and it is certain that if any were made, there was nothing to show when, or what they amounted to. There was an open book account between the holder of the mortgage and the terre-tenant, and, according to the testimony of the former, the payments made by the latter were credited on that account. In directing a

verdict for the plaintiff the learned trial judge correctly held that nothing sufficiently certain was proven as to the alleged payments of interest to allow the case to go to the jury.

Judgment affirmed.